125 A.2d 261 (1956)
Edwin de Haven STEEL, Jr., and Elizabeth T. Short, Trustees under Item Seventh of the Will of Isaac D. Short, deceased, Plaintiffs,
v.
Jennie M. STEEL, Elizabeth T. Short, Edwin de Haven Steel, Jr., Roger Taylor, Elizabeth Short Hastings, Annie Short Elliott, Delia Short McCune and Mary Short Day, Defendants.
Court of Chancery of Delaware, New Castle.
August 30, 1956.
John J. Morris, Jr., Wilmington, for plaintiffs.
James M. Tunnell, Jr., Georgetown, for Elizabeth T. Short, a defendant.
Caleb S. Layton and Aaron Finger, Wilmington, for Elizabeth Short Hastings, Annie Short Elliott, Delia Short McCune and Mary Short Day, defendants.
Edwin D. Steel, Jr., Wilmington, pro se as a defendant and for Jennie M. Steel, a defendant.
Louis J. Finger, Wilmington, for Aaron Finger, guardian ad litem of the unborn issue of Edwin de Haven Steel, Jr., a defendant.
MARVEL, Vice Chancellor.
Plaintiffs, who are trustees named in the will of Isaac D. Short, seek instructions as to payment of equitable and trust income to life tenants and as to how they should apportion as between capital and income the proceeds derived from liquidation of the I. D. Short Company, stock in which was received by them as part of the residue of the Short estate. Defendants are the life tenants and remaindermen who benefit under various contingencies set forth in the trust, and pursuant to an order of interpleader *262 the defendant Short, a life tenant, has filed an interpleading complaint to which the guardian ad litem and contingent remaindermen have filed an answer. The case is before me for decision on the pleadings after argument on the briefs. The issues to be decided have to do with rights of life tenants to net income of the trust property as opposed to the rights of remaindermen to have principal preserved.
Isaac D. Short died on January 4, 1953, having executed his last will and testament on March 12, 1937 and codicils thereto in June, 1944 and June, 1950. In the fifth paragraph of item nine of his will the testator authorized named trustees:
"To determine whether or not money or property coming into the possession of the Trustees shall be treated as principal or income and to charge or apportion expenses to principal or income according as the Trustees may deem just and equitable. Without in any wise limiting this power, I recommend that in general all stock dividends and dividends in securities of any nature and all rights to subscribe to shares or securities convertible into shares of such dividend declaring corporation or of a reorganized corporation should be deemed principal and that all other dividends should be deemed income and treated as such."
On December 5, 1953, the executors of the Short estate turned over to the trustees, 1,060 shares of the common stock of I. D. Short Company and 1,300 shares of the common stock of the First National Bank & Trust Company of Milford, Delaware. Inasmuch as these assets had been held in the residuary estate for approximately a year after the testator's death, the life tenants of the trust were paid equitable income attributable to such assets during such period in the absence of other provision in the will. § 3525 of Title 12 Del.C. Such income was computed on the basis of values fixed by the estate appraisers, namely $100 per share for the I. D. Short Company stock and $40 per share for the First National Bank stock.
The interpleading parties agree that the values[1] placed on such shares for tax purposes by the Delaware State Tax Department and the Bureau of Internal Revenue more accurately reflect the true value of such assets and for the purpose of computing the proper statutory income to be paid to life tenants of the trust for the period in question I accept and approve stipulated valuations of $60 per share for the First National Bank stock and $133.69 per share for the stock of I. D. Short Company. I also agree that the interpleading parties are correct in taking the position that dividends declared on corporate stock from December 5, 1953, when the residuary estate was turned over to the trustees by the executors, until the date of liquidation are payable to the life tenants.
The substantial question to be decided arises because the trustees are unable to determine what part of the moneys coming to them as a result of liquidation of the I. D. Short Company is income and what part principal. The par value of the I. D. Short Company stock is fixed by corporate charter at $100 per share (the value selected by the estate appraisers), however, the Short Company having proceeded to liquidate under a plan adopted by its directors and approved by its stockholders on February 17, 1955 under which payments were to be deemed "in full payment of the stock", it is apparent that cash substantially in excess of the par value of such stock will be available for distribution. The trustees request instructions as to what part of such funds should be treated as income payable to life *263 beneficiaries and what part as corpus to be preserved for the remaindermen.
While the first sentence of the fifth paragraph of item nine of the will quoted above authorizes the trustees to apportion in their own discretion, this power was not exercised, the trustees having opposing personal trust interests, and the aid of this Court was invoked. In this same paragraph the testator recommends to the trustees that "* * * in general all stock dividends and dividends in securities of any nature and all rights to subscribe to shares * * should be deemed principal and that other dividends should be deemed income and treated as such."
I am inclined to believe that the testator failed to anticipate the problem of apportionment after corporate liquidation despite the use of the phrase "other dividends", however, if he did anticipate this problem he delegated its handling to the trustees. The testator gave no express directions as to apportionment and I can find no dominant purpose as to intended treatment of trust assets such as was found in Cox v. Sellers, 27 Del.Ch. 307, 33 A.2d 548, 682. There are percentage payments of net income with minimum levels payable to the widow while on the other hand item eleven of the will purports to give a Mr. Jones a six months option to purchase the Short Company stock at par. In short the testator's intentions as to apportionment on corporate liquidation are not disclosed. Accordingly, in the absence of an applicable Delaware statute fixing a formula for apportioning principal and income, decisional law must serve as a guide.
There is no Delaware decision dealing with apportionment into principal and income of proceeds arising on a corporate liquidation, however, in the case of Bryan v. Aikin, 10 Del.Ch. 446, 86 A. 674, 45 L.R.A.,N.S., 477, the Supreme Court of Delaware, in apportioning stock dividends declared out of earnings which had accumulated after the date of creation of a trust, laid down certain broad principles which cannot be ignored. In a lengthy decision, reversing the Court below, the Court followed what it called the "American rule" as to apportionment questions, directed that the stock dividends in question be paid over to life tenants and proceeded to fashion a general rule for the future.
Counsel for the remainder interests contend that because in the Bryan case the earnings in question had accumulated after creation of the trust, the rule of that case should not control inasmuch as the surplus here available for distribution admittedly was built up during the testator's lifetime. It is also argued for the remainder interests that the rule of Bryan v. Aikin and its variation having been generally repudiated and changed by statute even in Kentucky, the courts of which state evolved the basic principle adopted in the case, this Court by decree should do the same thing. It is pointed out that a number of states have adopted the Uniform Principal and Income Act which expressly directs that surplus funds such as those here involved be treated as corpus. This method of apportionment is also approved in the Restatement of Trusts 1948 Supplement, § 236 (e) and (f), in which it is stated that all payments in a corporate liquidation other than those representing cash dividends declared before liquidation or dividend arrearages should be treated as principal.
Admittedly the modern view is that corporate liquidating dividends in amounts in excess of cash dividends actually declared before liquidation or accumulated arrearages should be treated as principal and there are undoubtedly compelling reasons for such view, however, the Delaware Legislature has not adopted the Uniform Principal and Income Act or its equivalent.
The rule of Bryan v. Aikin, which has never been questioned[2] in Delaware, is *264 more than a rule of convenience but (according to the Court which adopted it) one to be generally applied when the facts call for its application. The Supreme Court of Delaware in the Bryan case made it clear that in its opinion[3] net earnings no matter when accumulated and no matter how treated during the period of their accumulation "* * * if declared as dividends out of net profits during the life tenancy, are given to the life tenant [when declared], whether such dividends are made in cash or capital [stock], provided that the principal of the trust fund is not diminished thereby." This principle which seems to have been adopted as a means of avoiding troublesome and often unsatisfactory probings into corporate accounting was declared by the Court to be applicable even in a situation where net earnings have been temporarily converted into real estate and in effect treated by the corporation as capital.
While the Court in adopting such a sweeping view of apportionment went further than it was required to go for its decision it is impossible to escape the conclusion that a general rule was established which must be applied to the facts of the case at bar. Such conclusion is supported by the observations of Chancellor Josiah Wolcott in duPont v. Peyton, 15 Del.Ch. 255, 136 A. 149. In the latter case the Chancellor stated that the amount payable to a life tenant of trust income is not dependent on the time of creation of the life estate because under the Bryan rule all income whenever accumulated is regarded when distributed as belonging to the life tenant. The Chancellor concluded that it was immaterial under the rule whether such a distribution is made in the form of a stock dividend or in the form of a payment in liquidation. While this conclusion might be termed obiter dictum in an ordinary case, Delaware apportionment cases are not ordinary cases for the reasons stated in the Chancellor's opinion and his views, which constitute a strong reaffirmation of the Bryan v. Aikin rule, carry great weight.
Because the Supreme Court in Bryan v. Aikin laid down a rule for the guidance of draftsmen of wills and testamentary trustees this Court necessarily must apply it to a will which was written in 1937, to which codicils were made in 1944 and 1950, and which was probated after Mr. Short's last illness and death in January, 1953. At all of these times not only the Bryan decision but Chancellor Wolcott's comments in duPont v. Peyton must be presumed to have served as guides to the testator and his advisers. Although, as noted earlier in this opinion, the testator did authorize the named trustees to disregard the Delaware apportionment rule he did not direct them so to do, and the trustees having declined to make use of such authority, apportionment will be decreed according to the law of this State.
Applying the Bryan v. Aikin rule and present applicable statutory law to the facts of the case, I arrive at the following conclusions:
(1) Income payable to life beneficiaries of the Short Trust from January 4, 1953, the date of the testator's death, until December 5, 1953, the date of creation of the trust, shall be computed by the trustees under § 3525 of Title 12, Del.C. on the basis of the stock valuations hereinabove approved.
*265 (2) I. D. Short Company dividends properly declared after December 5, 1953 and prior to corporate liquidation (on the basis of corporate statements attached to the complaint and accepted as correct by the parties) are payable to the life tenants.
(3) Liquidation proceeds paid over to the trustees which find their source in net earnings of I. D. Short Company are payable to the life tenants of the Short Trust.
(4) The separation of the proceeds of corporate property in liquidation into "permanent" capital assets as augmented by natural growth, the proceeds of which are to be preserved for remaindermen as opposed to current assets payable to the life tenants will be reserved for such further proceedings as may be necessary fairly to make such division within the rule of Bryan v. Aikin.
Order on notice.
NOTES
[1] The Delaware State Tax Department fixed a value of $60 per share on the stock of the First National Bank and Trust Company of Milford and a value of $133.69 per share on the stock of the I. D. Short Company. The Bureau of Internal Revenue valued the Bank stock at $59 per share and the Short Company stock at $128.96 per share.
[2] In Cox v. Sellers, supra, the Supreme Court of Delaware reversed the Court below, however, the decision was based on a disagreement with the Vice Chancellor's views of the testator's intent in a case involving a corporate dissolution and did not mention the Bryan rule. In Ortiz v. Fidelity-Philadelphia Trust Co., 18 Del.Ch. 439, 159 A. 376, the Supreme Court of Delaware approved per curiam application of the Bryan rule by the Court below.
[3] The Aikin will in the Bryan case [10 Del. Ch. 446, 86 A. 675] refers to the life income to be paid as "* * * interest, dividends, rents and income * * *" and "net income, interest and dividends * * *." The Short will directs the trustees to hold the residue of the Short estate in trust and "* * * to collect and receive the rents, issues, profits, income, interest and dividends therefrom and to dispose of the net income * * * as hereinafter provided."